1

2

3

4

5

6          **IN THE UNITED STATES DISTRICT COURT FOR THE**

7             **EASTERN DISTRICT OF CALIFORNIA**

8

9   **FRANK MENDES,**                    )        **CIV F 07-1265  AWI GSA**
                                         )
10            **Plaintiff,**             )        **ORDER CLOSING CASE**
                                         )        **WITH PREJUDICE**
11        **v.**                         )        **PURSUANT TO**
                                         )        **STIPULATION**
12  **W.M. LYLES CO., a California**     )
    **corporation, and DOES 1 through 100,** )
13  **inclusive,**                       )
                                         )
14            **Defendant.**             )
                                         )
15  _____)

16  _____

17

18        On July 14, 2008, the parties filed a stipulation for dismissal of this case with prejudice

19  pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).  The notice stipulates that the Court may

20  retain jurisdiction to enforce the conditions of releases and is signed by all parties who have

21  appeared in this case.

22        Rule 41(a)(1), in relevant part, reads:

23        an action may be dismissed by the plaintiff without order of court (i) by filing a
          notice of dismissal at any time before service by the adverse party of an answer or
24        of a motion for summary judgment, whichever first occurs, or (ii) by filing a
          stipulation of dismissal signed by all parties who have appeared in the action.
25        Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is
          without prejudice, except that a notice of dismissal operates as an adjudication
26        upon the merits when filed by a plaintiff who has once dismissed in any court of
          the United States or of any state an action based on or including the same claim.
27
    Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an
28
    answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared,

1  although an oral stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan

2  Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir.

3  1986).  Once the stipulation between the parties who have appeared is properly filed or made in

4  open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro.

5  41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule

6  41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and

7  does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v.

8  A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG,

9  377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074,

10  1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)

11  (addressing Rule 41(a)(1)(I) dismissals).  "The plaintiff may dismiss some or all of the

12  defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal

13  "automatically terminates the action as to the defendants who are the subjects of the notice."

14  Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

15       As the parties have filed a stipulation for dismissal of this case under Rule 41(a)(1)(ii)

16  that is signed by all parties who have made an appearance, this case has terminated.  See Fed. R.

17  Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale,

18  377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

19       Therefore, IT IS HEREBY ORDERED that the Clerk is ordered to close this case in light

20  of the parties's filed and properly signed Rule 41(a)(1)(ii) Stipulation Of Dismissal with

21  prejudice, but as stipulated by the parties, the Court will retain jurisdiction in order to enforce, if

22  necessary, the terms of the releases.

23

24  IT IS SO ORDERED.

25  **Dated:    July 15, 2008**                              /s/ **Anthony W. Ishii**
                                              CHIEF UNITED STATES DISTRICT JUDGE
26

27

28

2